UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISAAC ROBERT TURNER,

          Plaintiff,                                   Case Number: 24-cv-10913
                                                          Honorable Mark A. Goldsmith

v.

CARRINGTON MORTGAGE
SERVICES, LLC et al.,

          Defendants.
_____/

### ORDER (1) STRIKING COMPLAINT. (2) ORDERING PLAINTIFF TO FILE A MOTION TO SEAL PORTIONS OF THE COMPLAINT, AND (3) UNSEALING CASE

      Plaintiff Isaac Robert Turner filed a complaint alleging that Defendants Carrington Mortgage Services, LLC and United Wholesale Mortgage Services, LLC violated his rights by preventing him from redeeming his property. See Compl. at PageID.3 (Dkt. 1). Turner's complaint violates Federal Rule of Civil Procedure 8(a) because it does not contain a short and plain statement of the claim showing that Turner is entitled to relief. The statements in Turner's complaint are not short and plain and many of the statements are incomprehensible.

      Turner's complaint also does not establish that the Court has jurisdiction, as required by Federal Rule of Civil Procedure 8(a). The complaint references federal question jurisdiction but only seems to allege constitutional claims, which cannot be asserted against private actors. Id. The complaint also references diversity jurisdiction, but it appears as though Plaintiff and at least one Defendant are citizens of the same state. See id. at 2–3. Under the diversity jurisdiction statute, 28 U.S.C. § 1332, federal district courts only have jurisdiction over matters in which there

is "complete diversity such that no plaintiff is a citizen of the same state as any defendant." V & M Star, LP v. Centimark Corp., 596 F.3d 354, 355 (6th Cir. 2010).

Plaintiff also filed a motion to seal the complaint and summons. See Motion to Seal (Dkt. 3). Local Rule 5.3(b) requires a party seeking to file a document under seal in a civil case to "file and serve a motion to authorize sealing that is narrowly tailored to seek sealing in accord with applicable law." Turner's motion states that the "trust documents and ledger contain confidential, private, trade secrets" and asks for "the Court" [sic] to "show cause why this case and the private ledger provided as evidence/exhibits should not be sealed or be it resolved." See id. at PageID.78–79 (punctuation modified). This request is improper because it asks the Court to show cause why material should not be sealed. Courts do not show cause—parties do. Further, a party bears the burden of establishing that material should be sealed, as the local rule instructs that a party seeking to seal material must file a motion to that effect. Finally, even if Plaintiff's motion is construed as a motion to seal, it is not compliant with the rules because it is not "narrowly tailored," as it seeks to seal the entire case rather than specific portions of the complaint such as account numbers.

Within 14 days of the entry of this order, Turner must file: (i) an amended complaint that complies with Rule 8(a) and (ii) an amended motion that asks to seal specific portions of the amended complaint, if he seeks to seal material. Further, the Clerk's office should unseal the case. The Court strikes Turner's original complaint (Dkt. 1) and motion to seal (Dkt. 3).

SO ORDERED.

Dated: May 6, 2024  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
  United States District Judge